NEW YORK TELEPHONE COMPANY, PROSECUTOR, v. MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK, RESPONDENT.

Submitted March 22, 1917—Decided June 6 1917.

Where there is nothing that in a legal sense implies the permanent devotion of a telephone company's property to a public use, an assessment for improvements may be measured by the increase in the market value of the land, and it is not limited to the benefit conferred on the company for its use of the property. It is only where land is acquired under a legislative sanction that implies its permanent devotion to a public use that such land has, in legal contemplation, no market value for any other purpose, and hence no market value to be enhanced.

---

On *certiorari* of assessment for benefits.

Before Justices SWAYZE, MINTURN and KALISCH.

For the prosecutor, *Edward A. & William T. Day* (*Charles T. Russell* on the brief).

For the city, *Harry Kalisch*.

The opinion of the court was delivered by

Swayze, J. This assessment is for the same improvement involved in Jenkinson *v.* Parmly, Comptroller, and Fiedler *v.* Parmly, Comptroller. All the points but one are disposed of by the opinions in those cases. The additional point made in this case is that the assessment must be limited to the benefit conferred on the telephone company for its use of the property, and cannot be measured by the increase in the market value of the land; and inasmuch as the property is said to be permanently devoted to a public use of such a character that the present owner is not benefited by improved means of access, it is argued that the assessment should be nominal, or should, at most, be less than it would be if the property were ordinary business property. To sustain this position the prosecutor relies on *State, Morris and Essex Railroad* v. *Jersey City*, 36 *N. J. L.* 56; *Cemetery Company* v. *Newark*, 50 *Id.* 66; *Erie Railroad Co.* v. *Paterson*, 72 *Id.* 83. The last two cases do not help the prosecutor. In the Cemetery Company case the portion of the land to which the cemetery company had title was held liable to assessment. In the Erie Railroad Company case it was held that there might be an assessment for benefits to the use of the property, although there might be no assessment under the circumstances of that case for enhancement of market value. In the Morris and Essex Railroad case it was, indeed, held that the enhancement of the present market value was not the proper basis of assessment, but that result was justified by the facts peculiar to the case. The subject has been recently reviewed by the Court of Errors and Appeals, and the rule and the reasons on which it rests have been admirably stated by Mr. Justice Garrison. *New York Bay Railroad Co.* v. *Newark*, 82 *Id.* 591. The reason of the rule in Morris and Essex Railroad Co. *v.* Jersey City, he says, is "that land acquired under a legislative sanc-

tion that implies its permanent devotion to a public use cannot, without a violation of such public use, have a market for any other purpose and hence, as such a violation will not be presumed, such land has, in legal contemplation, no market value to be enhanced." The distinction between such a case and the present is that here there is nothing that in a legal sense implies the permanent devotion of the telephone company's property to a public use. It may be that in fact it is always likely to remain the best site in Newark for a telephone exchange, and that the company is never likely to move; it may be that the investment is so large that the loss due to a removal would be prohibitive; it may be that it is fitted up for the special business of the company. All these considerations would probably be applicable to any large business, to a bank, an insurance company or office building, a hotel, a factory or a department store. But there is nothing to show that the title to the property is likely to be affected by an abandonment of the present use, nor is the property so changed in character that it cannot readily be adapted to other business purposes. Such a change is not unknown in the case of the telephone company in Newark. We see nothing to distinguish the case from that of land used for the other kinds of business buildings just mentioned.

The assessment is affirmed, with costs.